UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

XINPING SI,

                Plaintiff,

v.

UR MENDOZA JADDOU, Director of the U.S.
Citizenship and Immigration Services,
ALEJANDRO MAYORKAS, Secretary,
Department of Homeland Security, MICHAEL
VALVERDE, Acting Associate Director, United
States Citizenship and Immigration Services, and
CHRISTOPHER A. WRAY, Director, Federal
Bureau of Investigation,

                Respondents.

**MEMORANDUM & ORDER**
20-CV-4119 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff Xinping Si commenced the above-captioned action on September 2, 2020, against Defendants Kenneth T. Cuccinelli, Chad F. Wolf, Daniel M. Renaud, and Christopher A. Wray[1] seeking a writ of mandamus compelling Defendants to adjudicate her Form N-400 Application for Naturalization ("N-400"). (Compl., Docket Entry No. 1.) On November 1, 2021, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 10; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the caption has been updated to reflect the new District Director. Ur Mendoza Jaddou, Director of United States Citizenship and Immigration Services ("USCIS") is automatically substituted for Kenneth T. Cuccinelli; Secretary of Homeland Security Alejandro Mayorkas is automatically substituted for former Acting Secretary of Homeland Security Chad Wolfe; and Michael Valverde, Associate Director, United States Citizenship and Immigration Services is automatically substituted for former Associate Director Daniel M. Renaud.

10-1.) Plaintiff twice failed to file an opposition to Defendants' motion in accordance with the Court's scheduling orders. (Order dated Sept. 11, 2021; Order dated Oct. 7, 2021.) After the second time, the Court deemed Defendants' motion unopposed. (Order dated Oct. 7, 2021.)

For the reasons set forth below, the Court grants Defendants' motion and dismisses this action without prejudice.

**I. Background**

Plaintiff, a citizen of the Republic of China, (Compl. ¶ 13), first entered the United States as a derivative spouse asylee on October 19, 2011, (*see* Notice to Appear ("NTA") ¶ 3, annexed to Decl. of Dara A. Olds as Ex. A, Docket Entry No. 10-2.). After becoming a Lawful Permanent Resident of the United States, (*see* Compl. ¶ 8; NTA ¶ 6), Plaintiff filed her N-400 application with USCIS on September 5, 2017, (Compl. ¶ 2.) After participating in an interview on May 1, 2018, Plaintiff received notice from the USCIS of her successful passage of the English, U.S. history, and government tests. (Compl. ¶ 2.) Plaintiff inquired with USCIS "regarding the status of her N-400 application on or around October 4, 2019 and February 6, 2020," and was told that her application was still under review. (Compl. ¶ 3.)

Plaintiff commenced this action on September 2, 2020, nearly three years after filing her N-400. (Compl. ¶ 19.) Plaintiff requests that the Court (1) declare that "Defendants failed to perform a duty owed to the Plaintiff by failing to adjudicate her N-400 application for over [two] years"; (2) declare that "Defendants' failure to process the Plaintiff's N-400 application for over [two] years" violates the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.; (3) "[c]ompel the Defendants . . . to adjudicate the Plaintiff's N-400 . . . without further delay;" and (4) award attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Compl. ¶¶ a-d (internal quotation marks omitted).)

On November 9, 2020, Plaintiff was placed in removal proceedings.  (NTA 1.)

## II.  Discussion

### a.  Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor."  *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (same).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678; *Vaughn*, 957 F.3d at 145 (quoting *Iqbal*, 556 U.S. at 678).

### b.  Plaintiff has failed to state a claim upon which relief can be granted

Defendants argue that the Court must dismiss Plaintiff's claims because the Immigration and Nationality Act "restricts the Court's authority both to adjudicate Plaintiff's application and to compel Defendants to adjudicate the application," as sections 1421(a) and 1429 of the Act, read together, "preclude a district court from granting effective relief once removal proceedings have been initiated."  (Def.'s Mem. 3-4.)

"Until 1991, courts had '[e]xclusive jurisdiction to naturalize persons as citizens of the

United States.'" *Teng v. Dist. Dir., USCIS*, 820 F.3d 1106, 1109 (9th Cir. 2016) (alteration in original) (quoting 8 U.S.C. § 1421(a) (1988)). Through the Immigration Act of 1990, "Congress transferred '[t]he sole authority to naturalize persons as citizens of the United States' from the courts to the executive branch, effective October 1, 1991." *Id.* (alteration in original) (quoting 8 U.S.C. § 1421(a)). "Through delegation, the Attorney General's authority over naturalization now is exercised by USCIS." *McKenzie v. USCIS, Dist. Dir.*, 761 F.3d 1149, 1153 (10th Cir. 2014) (first citing 8 C.F.R. §§ 2.1, 310.1(b); and then citing 6 U.S.C. § 271(b)(2)). In addition, that authority is expressly circumscribed by "the plain language of § 1429[,] [which] prohibits the Attorney General from considering naturalization applications while removal proceedings are pending." *Perriello v. Napolitano*, 579 F.3d 135, 142 (2d Cir. 2009). Courts are similarly constrained by § 1429's restriction. *See Kumar v. Holder*, No. 12-CV-5261, 2013 WL 6092707, at *5 (E.D.N.Y. Nov. 18, 2013) ("[A]n alien cannot secure naturalization from either the district court or the Attorney General while removal proceedings are pending." (quoting *Ajlani v. Chertoff*, 545 F.3d 229, 241 (2d Cir. 2008))).

As an initial matter, the Court assumes that it has subject matter jurisdiction pursuant to 8 U.S.C. § 1447(b) to consider Plaintiff's lawsuit even during the pendency of her removal proceedings. *See Ajlani*, 545 F.3d at 238 ("assum[ing] the existence of § 1447(b) jurisdiction" in a case concerning naturalization relief sought during removal proceedings). However, Plaintiff's claims fail because the Court is unable to grant Plaintiff the relief she seeks.

Section 1421's grant of sole naturalization authority to the executive branch and section 1429's suspension of naturalization application considerations during pending removal proceedings requires dismissal of this case. *Id.* (noting that a "district court cannot compel the Attorney General 'to grant [an] application for naturalization,' because 'the statutory bar of

§ 1429' cannot be overcome by 'judicial fiat.'" (quoting *Zayed v. United States*, 368 F.3d 902, 906 & n.5 (6th Cir. 2004)); *Baraket v. Quarantillio*, No. 09-CV-3547, 2012 WL 3150563, at *2 (E.D.N.Y. July 31, 2012) (same). Plaintiff requests the Court "to compel the Defendants . . . to adjudicate [her] N-400 Application for Naturalization," (Compl. ¶ 1), but Plaintiff is currently subject to removal proceedings, (*see* NTA 1). Accordingly, the Court cannot grant Plaintiff the requested relief. *See Neris-Maria v. Quarantillo*, No. 09-CV-625, 2009 WL 7809000, at *5 (S.D.N.Y. Dec. 16, 2009) ("[M]andamus relief would only be available if the Attorney General had a clear, nondiscretionary duty to naturalize Petitioner. Here, however, the opposite is true: the Attorney General may not naturalize any alien who is the subject of pending removal proceedings or a final order of removal, and, thus, he was barred from approving Petitioner's application . . . ." (internal quotation marks and citations omitted)). The fact that removal proceedings against Plaintiff were initiated after Plaintiff filed her Complaint does not affect the Court's analysis. *See Rodriguez v. Holder*, No. 11-CV-2124, 2014 WL 6983401, at *2 (E.D.N.Y. Dec. 10, 2014) ("[T]he fact that removal proceedings have been instituted after the filing of an action in district court does not alter the effect of 8 U.S.C. § 1429.").

### III. Conclusion

For the reasons stated above, the Court grants Defendants' motion and dismisses this action without prejudice for failure to state a claim. The Clerk of Court is respectfully directed to close this case.

Dated: September 30, 2022
      Brooklyn, New York

SO ORDERED:

      /s/ MKB
MARGO K. BRODIE
United States District Judge